UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LEON BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| vs. | ) |
| | ) |
| GUNITE CORP., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, LEON BROWN ("Plaintiff"), by and through his attorney, GARY D. ABRAMS & ASSOCIATES, LTD., and in complaining of the Defendant, GUNITE CORP. ("Defendant"), states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action for damages and equitable relief pursuant to Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111B12117, 12203, and 1981a; the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 to 5/10-104; and Illinois common law.

2. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331, 1343(a)(3), and 1367; and 42 U.S.C. § 2000e-5(f)(3).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices alleged have occurred and continue to occur in the Northern District of Illinois, Western Division.

## PARTIES

4. Plaintiff is an african-american male, aged 36, and a resident of the State of Illinois, Winnebago County.

5. Defendant is a corporate entity, with headquarters at 302 Peoples Avenue, Rockford, Illinois 61104-7092, and an employer within the meaning of 42 U.S.C. § 2000e(b).

## STATEMENT OF FACTS

6. Plaintiff was hired by Defendant on or about October 20, 1994, and, prior to his termination from employment by Defendant, he was employed by Defendant for 15 consecutive years. His most recent position was a skuller.

8. From the date of his hire until his termination, Plaintiff satisfactorily performed the duties assigned to him, and at all times he had a good record of high-quality work, initiative, and productivity.

9. On or about April 20, 2006 Plaintiff experienced a work-related injury to his back for which he required post-lumbar surgery due to related disc herniation.

10. On or about February 16, 2007 Plaintiff was put on a "Permanent Restriction" by Defendant specifying arbitrary and unreasonable limitations on movements, exercise and lifting of weight.

11. Plaintiff had informed Defendant on numerous occasions of his medical condition, lung disease (sarcoidosis), and requested accomodations to relieve his exposure to silica dust and chemicals in the workplace, which worsened his condition.

12. On July 13, 2009, Plaintiff filed a workers' compensation claim at the Illinois Workers' Compensation Commission, Claim # 09 WC 28909, specifying the nature of the injury as sarcoidosis/lung disease, said claim being still pending at this time.

13. On or about November 15, 2009 Defendant hired and paid a private investigator, to follow and observe Plaintiff at a Bally's Health Club, and, upon information and belief, with the intent to generate a negative and derogatory report regarding Plaintiff's activity.

14. The private investigator, hired and paid for by Defendant, did, in fact, generate a negative report on November 20, 2009, wrongfully accusing Plaintiff of violations of Defendant's rules, which report was denied by Plaintiff, for which Plaintiff has supporting witnesses, and further was the subject of a subsequent grievance filed with Plaintiff's union.

15. On or about December 3, 2009, Plaintiff was called into a meeting with Ruth Ingram, Bill Mills and a union steward. Defendant's representatives falsely accused Plaintiff of violating the "Rockford Rules of Conduct" with respect to allegations that he exceeded weight restrictions in lifting weights.

16. On or about December 9, 2009 Plaintiff received a hand delivered letter from Defendant's Supervisor, Michael Huber, that he was suspended immediately,

pending an investigation of the claimed violations of Defendant's "Rockford Rules of Conduct".

17. On or about December 16, 2009, Rick Kardell, the President of Local 718, UAW, forwarded a written request to Susan Lundstom, Defendant's Human Resources Manager, to be provided the names and statements of any employees and the private investigator, that were used in Defendant's purported investigation. He did not receive such information.

18. On or about December 21, 2009, Defendant, acting through Susan Lundstrum, Human Resources Manager, terminated Plaintiff from his position of skuller, on account of his disabilities, a disabling medical condition diagnosed as Sarcoidosis/lung disease, and a back injury, and in retaliation for the Plaintiff's having filed a claim for workman's compensation.

19. Defendant's contrived and pretextual reasons for terminating Plaintiff's employment were not only based upon false accusations that Plaintiff violated Defendant's rules, but also based upon a pattern and practice of terminating employees who filed workman's compensation claims.

20. Defendant has terminated at least three other employees known to Plaintiff who filed workman's compensation claims, and, in fact, previously terminated Plaintiff several years ago for then filing a workman's compensation claim, and when Plaintiff's union arbitrated the grievance over that wrongful termination, Plaintiff was reinstated.

.

21. On or about October 15, 2010, Plaintiff filed a Charge of Discrimination against Defendant with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC"). A copy of the Charge of Discrimination is attached as Exhibit A.

22. On or about November 17, 2011, the EEOC issued Plaintiff a Right-to-Sue letter. A copy of the Right-to-Sue Letter is attached as Exhibit B.

## AS AND FOR A FIRST CAUSE OF ACTION
## (ADA DISABILITY DISCRIMINATION)

23. The allegations set forth in paragraphs 1 through 22 are incorporated by reference as if fully set forth herein.

24. The ADA forbids a "covered entity" from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

25. Discrimination under the ADA includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee." 42 U.S.C. § 12112(b)(5)(A).

26. Plaintiff is a qualified individual with a disability as defined by 42 U.S.C. §§ 12102 and 12111(8). At all relevant times, Plaintiff was Defendant's employee, as defined by 42 U.S.C. § 12111(4).

27. Defendant is a covered entity as defined by 42 U.S.C. § 12111(2).

28. In violation of the ADA, Defendant failed to make reasonable accommodations for Plaintiff.

29. As a proximate cause of the aforementioned unlawful employment actions, Plaintiff has suffered harm, including loss of earnings and emotional pain, humiliation, mental anguish, loss of enjoyment of life, emotional distress, and medical expenses.

## AS AND FOR A SECOND CAUSE OF ACTION
### (ADA Retaliation)

30. The allegations set forth in ¶¶ 1 through 29 are incorporated by reference as if fully set forth herein.

31. In making his requests for accommodation, Plaintiff engaged in protected activity under the ADA.

32. Defendant took adverse employment action against Plaintiff by terminating his employment.

33. In violation of the ADA, 42 U.S.C. § 12203(a), Defendant took adverse employment action against Plaintiff on account of his lawful requests for accommodation.

34. As a proximate cause of the aforementioned unlawful employment actions, Plaintiff has suffered harm, including loss of earnings and emotional pain, humiliation, mental anguish, loss of enjoyment of life, emotional distress, and medical expenses.

## AS AND FOR A THIRD CAUSE OF ACTION
### (IHRA Failure to Accommodate)

35. The allegations set forth in ¶¶ 1 through 34 are incorporated by reference as if fully set forth herein.

36. The IHRA makes it unlawful for an employer, such as Defendant, "to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination." 775 ILCS 5/2-102(A).

37. Under 775 ILCS 5/1-103(Q), unlawful discrimination includes discrimination against a person because of his disability. Employers are required to make reasonable accommodation for the known physical limitations of otherwise qualified employees. 56 Ill. Admin. Code § 2500.40.

38. Plaintiff is a qualified employee, as defined by 775 ILCS 5/2-101(A), with a disability, as that term is defined in 775 ILCS 5/1-103(I).

39. In violation of the IHRA, Defendant failed to make reasonable accommodations for Plaintiff.

40. As a proximate cause of the aforementioned unlawful employment actions, Plaintiff has suffered harm, including loss of earnings and emotional pain, humiliation, mental anguish, loss of enjoyment of life, emotional distress, and medical expenses.

41. In its actions toward Plaintiff, Defendant acted with malice.

7

## AS AND FOR A FOURTH CAUSE OF ACTION
### (IHRA Retaliation)

42. The allegations set forth in ¶¶ 1 through 41 are incorporated by reference as if fully set forth herein.

43. In making his requests for accommodation, Plaintiff engaged in protected activity under the IHRA.

44. Defendant took adverse employment action against Plaintiff by terminating his employment.

45. In violation of the IHRA, 775 ILCS 5/6-101(A), Defendant took the adverse employment action against Plaintiff on account of his lawful requests for accommodation, and in terminating his employment.

46. As a proximate cause of the aforementioned unlawful employment actions, Plaintiff has suffered harm, including loss of earnings and emotional pain, humiliation, mental anguish, loss of enjoyment of life, emotional distress, and medical expenses.

47. In its actions toward Plaintiff, Defendant acted with malice.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (RETALIATORY DISCHARGE)

48. The allegations set forth in ¶¶ 1 through 47 are incorporated by reference as if fully set forth herein.

49. Illinois has a well-established and clearly mandated public policy of protecting employees who file workman's compensation claims on account of injury in the workplace.

50. In wrongfully terminating Plaintiff for filing the workman's compensation claim referenced herein at paragraph 12, Defendant violated Plaintiff's rights and committed a retaliatory discharge of Plaintiff, and therefore was in violation of a public policy of the State of Illinois.

51. As a proximate cause of the aforementioned retaliatory discharge, Plaintiff has suffered harm, including loss of earnings and emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

52. Defendant's retaliatory discharge of Plaintiff was undertaken with malice and reckless disregard for Plaintiff's protected rights.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

53. The allegations set forth in ¶¶ 1 through 52 are incorporated by reference as if fully set forth herein.

54. At all times alleged in the Complaint, Defendant's agents and representatives were acting in the course of their employment and in furtherance of the business of the Defendant.

55. Defendant's conduct in terminating Plaintiff's employment for contrived and pretextual reasons was truly extreme and outrageous.

56. Defendant intended that its conduct would inflict severe emotional distress on Plaintiff or knew that there was a high probability that the conduct would cause severe emotional distress.

57. The conduct in fact caused Plaintiff to suffer severe emotional distress.

58. As a proximate cause of Defendant's tortious conduct, Plaintiff has suffered harm, including loss of earnings and emotional pain, humiliation, mental anguish, loss of enjoyment of life, emotional distress, and medical expenses.

59. Defendant's intentional infliction of emotional distress was undertaken with malice and reckless disregard for Plaintiff's protected rights.

WHEREFORE, Plaintiff prays for judgment in his favor as follows:

1. Back pay and benefits to make Plaintiff whole;

2. Punitive damages due to Defendant's willful conduct;

3. Compensatory damages in an amount according to proof;

4. The costs of suit, including a reasonable attorney's fee and expert fees pursuant to 42 U.S.C. § 2000e-5(k); and

5. Such other and further relief as the Court deems just, proper, and equitable.

6. Plaintiff demands a jury trial pursuant to 42 U.S.C. § 1981a(c).

LEON BROWN

By: /s/Gary D. Abrams
Gary D. Abrams No. 00050101L
Gary D. Abrams and Associates, Ltd.
Suite 1200
55 West Monroe Street
Chicago, IL 60603
Telephone: (312) 263-4085
Facsimile: (312) 641-6959

Attorney for Plaintiff